UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ANTHONY A. DESIMONE** and
**CHERYL A. DESIMONE,**      Chapter 7
    Debtors     Case No. 14-14271-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**GENARO RECUPERO** and
**CHERYL RECUPERO,**
    Plaintiffs
v.     Adv. P. No. 15-1134
**ANTHONY A. DESIMONE** and
**CHERYL A. DESIMONE,**
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matters before the Court are 1) the Defendants' Motion to Amend Answer and Counterclaim pursuant to which the Defendants seek to add three additional counterclaims in addition to an existing counterclaim; and 2) the "Expedited Motion for Hearing Upon Defendant's [sic] Counterclaim Prayer #2 for Restraining Order," pursuant to which the Defendants, Anthony DeSimone and Cheryl DeSimone (the "Defendants" or the "Debtors"), seek a "restraining order" against Genaro Recupero (the "Plaintiff"), whom the Defendants allege has been following them and photographing them and their property in violation of the automatic stay. *See* 11 USC §362. The

1

Defendants assert that "these outrageous acts are being done by this Plaintiff [Genaro Recupero] in order to harass, intimidate, annoy and place them in fear; to invade their privacy; and in order to continue his efforts to collect the alleged debt sued upon, in violation of the automatic stay of Section 362(a)." Notably, Genaro Recupero and Anthony DeSimone are estranged cousins.

The Plaintiff opposes the Defendants' Motion. They rely upon issue preclusion as the Defendants' requests for temporary restraining orders have been denied in the Malden District Court. The Plaintiff also asserts that the Defendants have "unclean hands."

The Court heard the Motion to Amend Answer and Counterclaim and the Expedited Motion for a restraining order on November 4, 2015. At the hearing, neither party requested an evidentiary hearing. The material facts necessary to rule on the Defendants' request for a restraining order primarily are set forth in Counterclaims II-IV. Although the factual allegations in the Complaint filed by Genaro Recupero and Cheryl Recupero (together, the "Plaintiffs") are disputed, the facts necessary to assess the Defendants' entitlement to injunctive relief are included in the Counterclaims and the submissions of the parties. For the reasons set forth below, the Court shall enter an order denying the request for a "restraining order," which this Court shall treat as a motion for a preliminary injunction.[1]

---

[1] The Defendants did not seek either a temporary restraining order or a preliminary injunction, and they did not cite Fed. R. Civ. P. 65, made applicable to this proceeding by Fed. R. Bankr. P. 7065

2

## II. FACTUAL BACKGROUND

The Defendants filed a Chapter 13 petition on September 11, 2014. On Schedule D-Creditors Holding Secured Claims, the Defendants listed the Plaintiffs as the holders of a secured claim in an unspecific amount secured by "28 Shane Way, Unit 3, Laconia, NH, 37 Butternut Road, Wakefield, MA and DeSimone's Auto Solutions." The Plaintiffs objected to the Defendants' Chapter 13 plan. The Defendants were unsuccessful in obtaining confirmation of their Chapter 13 plan and voluntarily converted their Chapter 13 case to a case under Chapter 7 on January 5, 2015.

On February 19, 2015, the Plaintiffs moved for relief from the automatic stay to foreclose a mortgage on the Laconia, New Hampshire property allegedly securing a note executed by the Defendants on July 20, 2009 in the principal amount of $527,432.52. On March 6, 2015, the Court, in the absence of any objections, granted the Plaintiffs' lift stay motion. On May 4, 2015, the Plaintiffs moved for relief from the automatic stay with respect to a mortgage on the Wakefield, Massachusetts property, allegedly securing the same note. On June 3, 2015, the Court granted the lift stay motion over the Debtors' objection.

On July 7, 2015, the Plaintiffs commenced an adversary proceeding against the Defendants, setting forth a count under 11 U.S.C. § 523 for false pretenses, false representations, or actual fraud and a count under 11 U.S.C. § 727 for concealment of assets and other misconduct.[2]

---

[2] At the November, 4, 2015 hearing, the Court directed the Plaintiffs to file an amended complaint on or before December 4, 2015.

3

The Defendants answered the Complaint and initially filed a single Counterclaim to set aside the foreclosure sale of the Laconia, New Hampshire property.[3] On August 10, 2015, this Court issued a pretrial order requiring the filing of a Certification pursuant to Fed. R. Civ. P. 26(f) by October 9, 2015, the completion of discovery by November 13, 2015, and the filing of a Joint Pretrial Memorandum by December 11, 2015. The parties have neither filed the Rule 26(f) Certification nor moved to extend the discovery deadline.

On October 11, 2015 the Defendants moved to amend their answer and to add three additional counterclaims, namely Counterclaim II–Violation of 11 U.S.C. § 362(a); Counterclaim III-For Harassment and Intentional Inflict [sic] of Emotion [sic] Distress as to Genaro Recupero; and Counterclaim IV-For Invasion of Privacy by Genaro Recupero. In addition, they sought a "restraining order" with respect to the conduct alleged in Counterclaims II-IV.[4]

The Defendants allege the following conduct with respect to the Counterclaims they seek to add and the restraining order they request:

> The Plaintiff, Genaro Recupero, has been openly following the Defendants and taking photographs of them and their property on the following dates:
>
> May 14, 2015 in Everett at workplace of debtor, Anthony DeSimone[;]

---

[3] On November 4, 2015, the Court directed the parties to ascertain, within seven days, whether the clam for relief set forth in Counterclaim I is property of the bankruptcy estate that must be brought by the Chapter 7 Trustee. Neither party complied with the Court's order. Accordingly, Counterclaim I is dismissed. The Court's review of the docket in this adversary proceeding, however, establishes that the Defendants consented to the dismissal of the claim for relief set forth in Counterclaim I in their Response to the Plaintiffs' Motion to Dismiss Counterclaim.

[4] The Answer itself does not appear to have been amended.

4

>    June 19, 2015 at debtor's home in Wakefield;
>    June 25, 2016 [sic] in Laconia, NH while debtors were on vacation;
>    August 1, 2015 in Laconia, NH while debtors were on vacation;
>    September 16, 2015 in Everett at workplace of debtor, Anthony DeSimone[.]
>
>    The Defendant, Anthony Recupero [sic], has had a long relationship with this Plaintiff arising from their conducting business together for several years and, based upon his knowledge of the nature and behavior of this Plaintiff, avers and says that the Plaintiff is following the Defendants and taking pictures of them and their property because:
>
>    (A) [T]he Plaintiff is continuing with "other action" against him to recover his claim against the defendants that arose prior to the filing of bankruptcy, which is a willful violation of 11 U.S.C. § 362(a).
>    (B) [T]he Plaintiff is intentionally harassing, intimidating, annoying and continually causing the Defendants to be in fear for their lives and safety by outrageous behavior of following and photographing them; [sic]
>    (C) [T]he Plaintiff wishes to unreasonably intrude upon the privacy of the Defendants in order to assist him in his continuing efforts to collect his claim and cause them mental distress, aggravation, which he is doing.

The Plaintiffs maintain that Genaro Recupero was "legally within his rights to be in public, on a public way, and [to] take photographs and video records of the Defendants in public. At no time was a law violated as adjudicated by the Malden District Court." Specifically, the Plaintiffs point out that the Malden District Court refused to enter restraining orders or abuse prevention orders on September 29, 2014 and again on May 15, 2015.

## III. DISCUSSION

A. Standard for Granting Injunctive Relief

In Cruz v. Hacienda Assocs., LLC (In re Cruz), 446 B.R. 1 (Bankr. D. Mass. 2011), the court set forth the standard for obtaining injunctive relief, namely that

5

> [T]he requesting party must demonstrate that (i) there is a likelihood of success on the merits of his claim; (ii) that he will suffer irreparable harm if the injunction is not granted; (iii) that the harm to the requesting party if the injunction is not granted is greater than the harm to the opposing party if it is granted; and (iv) that the public interest would not be adversely affected by the issuance of the injunction.

Id. at 2 (citing Sunshine Dev., Inc. v. F.D.I.C., 33 F.3d 106, 110–11 (1st Cir. 1994)).

B. Analysis

The Court concludes that the Defendants have failed to satisfy the standard for obtaining either a permanent injunction or a temporary restraining order. In particular, the Court concludes that the Defendants failed to submit cogent evidence, in the form of affidavits or otherwise, to establish that the conduct occurring on the dates set forth in the Counterclaims violated the automatic stay, was intended to harass or cause emotional distress, or was intended to invade the privacy of the Defendants. In making this determination, this Court must juxtapose the Plaintiffs' legitimate discovery needs in this adversary proceeding against the Defendants' privacy rights. In this Court's view, the Plaintiffs have the right to ascertain whether all the Defendants' assets were disclosed on their Schedules, and the Defendants are not entitled to an order preventing the Plaintiffs from pursuing discovery.

Specifically, with respect to Count II, pursuant to which the Defendants allege that Genaro Recupero violated the automatic stay by "continuing with 'other action' against him [sic] to recover his claim against the defendants that arose prior to the filing of the bankruptcy," the Court concludes that the Defendants have failed to establish a likelihood of success on the merits of Counterclaim II. The reason is simple. The Plaintiffs

have filed a Complaint seeking a determination under 11 U.S.C. § 727 that the Defendants are not entitled to a discharge for, among other reasons, concealing assets with the intention of hindering, delaying and defrauding creditors and selling a 2002 Powerquest 290 speedboat to Anthony DeSimone's mother for less than fair market value. In addition, the Plaintiffs have claimed that the Defendants' debt to them is nondischargeable under 11 U.S.C. § 523(a)(2)(A) due to the Defendants' misrepresentations and fraud. Under those circumstances, the Defendants, in order to state a plausible claim for violation of the automatic stay, must do more than make conclusory assertions. To obtain the relief they seek, they were required to specify how Genaro Recupero's conduct in taking photographs violates the automatic stay, as opposed to merely alleging distress associated with their bankruptcy case and this adversary proceeding, which are matters of public record. The Defendants' perceptions are not enough to state a claim for relief. The Defendants, to establish a likelihood on the merits, must set forth conduct that is not legitimate discovery.

With respect to Counterclaim III, the Defendants purport to state a cause of action for intentional infliction of emotional distress. In <u>Laudani v. Tribeca Lending Corp. (In re Laudani)</u>, 401 B.R. 9 (Bankr. D. Mass. 2009), this Court stated:

> "To recover for intentional infliction of emotional distress as an independent claim, the plaintiff must show the following: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; . . . (2) that the conduct was 'extreme and outrageous' . . .; (3) that the actions of the defendant were the cause of the plaintiff's distress; . . . and (4) that the emotional distress sustained by the plaintiff was 'severe'. . . ." 385 Mass. at 96, 431 N.E.2d 556 (citing <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144–45, 355 N.E.2d 315 (1976)). If each of these elements is proven, the plaintiff

7

can recover for purely emotional suffering unaccompanied by physical injury. Id.

In re Laudani, 401 B.R. at 41-42 (quoting Regan v. Beneficial Massachusetts, Inc. (In re Regan), No. 07–1308, 2008 WL 4373001, at *14 n.13 (Bankr. D. Mass. Sept. 22, 2008), and Simon v. Solomon, 385 Mass. 91, 431 N.E.2d 556 (1982)). More significantly, as the court in DiMare v. Ameriquest Mtg. Co. (In re DiMare), 462 B.R. 283 (Bankr. D. Mass. 2011), recognized, "the infliction of emotional distress pled as an independent cause of action is a personal injury tort claim over which the bankruptcy court has no jurisdiction." Id. at 309. *See* 28 U.S.C. § 157(b)(5). *See also* In re Laudani, 401 B.R. at 42; Nosek v. Ameriquest Mortg. Co. (In re Nosek), No. 04–4517, 2006 WL 1867096 *17 (Bankr. D. Mass. June 30, 2006), *rev'd on other grounds*, Ameriquest Mortg. Co. v. Nosek (In re Nosek), 354 B.R. 331 (D. Mass. 2006).

The Defendants submitted a single affidavit after the denial by the Malden District Court of their request for an abuse prevention order on September 29, 2014 for which a transcript was provided. *See* Mass. Gen. Laws ch. 209A, §§ 1-11. That affidavit relates to a request for an abuse prevention order submitted to the Malden District Court. In the affidavit, Anthony DeSimone attested to his fear that the Genaro Recupero will harm him because Genaro Recupero is allegedly mentally unstable and owns fire arms. On May 15, 2015 the Malden District Court denied an abuse prevention order "after full hearing."

According to the court in Jones v. Gallagher, 54 Mass. App. Ct. 883 (2002),

> For purposes of obtaining a protective order under G.L. c. 209A, abuse is defined as "(a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress." G.L. c.

8

> 209A, § 1. "*Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm. . . .* The judge must focus on whether serious physical harm is imminent and should not issue a c. 209A order on the theory that it will do no harm . . . . ." Wooldridge v. Hickey, 45 Mass. App .Ct. at 639, 700 N.E.2d 296. We have made no distinction in this regard between an initial (after-notice) order and a permanent order. "Abuse" has the same definition in either context. "The only criterion for extending the original order is a showing of continued need for the order." Pike v. Maguire, *supra* at 929, 716 N.E.2d 686.

Jones v. Gallagher, 54 Mass. App. Ct. at 888-89 (emphasis added). The Defendants failed to meet that standard in state court as evidenced by their inability to secure a c. 209A order from the Malden District Court despite a number of attempts. Their failure to obtain abuse prevention orders from the Malden District Court informs this Court's decision. While the Defendants have articulated generalized fears, aggravation and feelings of harassment, they have failed to point to specific facts that would warrant those fears or fears of imminent physical harm. For example, the Defendants did not allege that the Plaintiffs trespassed on their property while taking photographs, and, as a business owner, Anthony DeSimone has invited the public to his place of business. Accordingly, under any theory, the Defendants claims for harassment or intentional infliction of emotional distress are not sufficiently supported by the facts alleged. The Defendants, thus, have not sustained their burden for obtaining injunctive relief.

With respect to the Defendants' Counterclaim IV, the Defendants assert that Genaro Recupero's conduct in openly following the Defendants and taking photographs of them on five separate occasions in five months was for the purpose of knowingly and intentionally intruding on their privacy in order to harass them in violation of law

without any legitimate purpose. At the hearing, counsel for the Defendants referenced a statute governing invasions of privacy. That statute is Mass. Gen. Laws ch. 214, § 1B. According to the United States Court of Appeals for the First Circuit in Dasey v. Anderson, 304 F.3d 148 (1st Cir. 2002),

> Massachusetts recognizes an actionable right of privacy. The applicable statute provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." Mass. Gen. Laws ch. 214, § 1B. Section 1B protects people from "disclosure of facts . . . that are of a highly personal or intimate nature when there exists no legitimate, countervailing interest." Bratt v. Int'l Bus. Machs. Corp., 392 Mass. 508, 467 N.E.2d 126, 133–34 (1984) (citations omitted); *see also* French v. United Parcel Serv., Inc., 2 F.Supp.2d 128, 131 (D. Mass. 1998) ("To constitute an invasion of privacy, the invasion must be both unreasonable and serious or substantial.") (citation omitted). Massachusetts does not recognize a cause of action for false light invasion of privacy. Canney v. City of Chelsea, 925 F.Supp. 58, 70 (D. Mass. 1996) (citing ELM Med. Lab., Inc. v. RKO Gen., Inc., 403 Mass. 779, 532 N.E.2d 675, 681 (1989)). Rather, Mass. Gen. Laws ch. 214, § 1B is typically invoked to remedy "the gathering and dissemination of information which the plaintiffs contended was private." Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 567 N.E.2d 912, 914 n.4 (1991) (citations omitted).

Dasey v. Anderson, 304 F.3d at 153-54.

The Court concludes the Defendants have failed to establish a likelihood on the merits of Counterclaim IV for purposes of obtaining injunctive relief. The Defendants, to paraphrase the Court of Appeals in Dasey, failed to specifically identify highly personal or intimate facts that Genaro Recupero gathered or disseminated. 304 F.3d at 154. This is because private facts disclosed in the presence of others who owe no duty of confidentiality are not "private." Id. Moreover, § 1B proscribes the "required disclosure of facts about an individual that are of a *highly personal* or *intimate* nature." Bratt v. Int'l Business Machs. Corp., 392 Mass. 508, 467 N.E.2d 126, 133–34 (1984) (emphasis added).

10

The Defendants have neither alleged nor argued that highly personal or intimate details about private life have been disclosed to anyone by Genaro Recupero.

## IV. CONCLUSION

For the foregoing reasons, the Court shall enter and order granting Defendants' Motion to Amend Answer and Counterclaim, without prejudice to the filing of a Motion to Dismiss Counterclaims II-IV. The Court shall enter an order denying the Defendants' Expedited Motion through which they seek a "restraining order."

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: December 3, 2015